**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 25, 2012

Lyle W. Cayce
Clerk

No. 11-40593
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE IVAN SANCHEZ-REYEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:10-CR-982-1

Before WIENER, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Jose Ivan Sanchez-Reyez was convicted by a jury on one count of being an alien found in the United States after being deported following an aggravated felony conviction. The district court sentenced him to 30 months in prison to be followed by 3 years of supervised release. Sanchez-Reyez appealed his conviction.

In his opening brief, Sanchez-Reyez asserted that the evidence was insufficient to support his conviction, but he subsequently withdrew the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

contention.  The only issue for appeal is his argument that the government violated *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to disclose that the fingerprint taken at the time of his deportation in 2010 was not legible.  Under the *Brady* rule, the government must turn over impeachment and exculpatory evidence to the defense.  *United States v. Valencia*, 600 F.3d 389, 418 (5th Cir.), *cert. denied*, 131 S. Ct. 285 (2010).  We review *Brady* claims de novo.  *Id.*  The fingerprint in question was part of government exhibit 4, the warrant of removal/deportation executed in 2010.  Sanchez-Reyez does not contend that either the warrant or the fingerprint contained therein was withheld, rather, he asserts that the fact that the fingerprint was not legible was withheld until his trial.  He has not established reversible error because he has not shown that the information that the fingerprint was smudged and illegible was either favorable or material to his defense.

AFFIRMED.